# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**220 FERRY STREET LLC,**<br><br>                **Debtor** | **Chapter 11**<br>**Case No. 07-14303-RS** |

## MEMORANDUM OF DECISION

On September 17, 2007 and September 24, 2007, the Court held an evidentiary hearing on two separate but related motions: one by the Debtor seeking authorization to borrow money on a senior and priming lien basis under Section 364(d)(1) ("Borrowing Motion") and the other by Investment Realty Funding Inc. seeking adequate protection in connection with that borrowing ("Adequate Protection Motion").

Having taken the matter under advisement, and having considered the submissions, admissions, testimony, documents and arguments, I now render my decision.

### Findings

1. The subject property is a 19-lot residential real estate development in Marshfield, Massachusetts known as Pine Oak Farm ("Property"). The Property is permitted but requires construction of an access road to commence, facilitate and engender lot sales.

2. At present, the Property is subject to three secured claims: $755,982 by Hingham Institute for Savings ("Hingham"); $355,009 by Deborah Cestaro ("Cestaro"); and $1,230,031 by Investment Realty Funding Inc. ("IRT"). These secured claims are in the aggregate sum of $2,314,022.

3. The Debtor seeks to borrow $2,750,000 from the Raymond C. Green Trust and Builders First Financial, LLC (together "Lender") ("New Loan").  The New Loan would, in part, be used to pay off the Hingham claim and would then be secured by a lien senior to, and hence priming, the Cestaro lien and the IRT lien.[1]  The New Loan would also be used, in part, to pay down the Cestaro claim by $300,000; to pay down the IRT claim by $200,000; to maintain a $100,000 interest reserve for IRT; and for road construction at a cost of $700,000.  The aggregate amount of the resulting secured claims consisting of the New Loan and the balance of the Cestaro and IRT claims would be $3,460,000.

4. The value of the Property is $2,400,000 in its present condition, before road construction, and is $4,750,000 upon road construction.  Accordingly, the current lien holders are presently fully secured with an equity cushion of $85,978 before disposition costs; and, after the New Loan, the Lender, Cestaro and IRT claims would be fully secured with an equity cushion of $1,289,960.

5. Under the New Loan, Cestaro and IRT would receive distributions upon each lot sale from net lot sale proceeds in excess of $160,000 per lot for lots 1-13 and $100,000 per lot for lots 14-16.

**Conclusion**

1. Cestaro and IRT will be adequately protected in respect of the New Loan and its senior and priming lien status by (a) the equity cushion reflected in the elevated value of the Property upon road construction; (b) the initial paydowns from the New Loan proceeds of

---

[1] The Debtor sought but was unable to obtain credit on an unsecured basis or on a secured basis junior or equal to the Cestaro and IRT liens.

$300,000 to Cestaro and $200,000 to IRT; (c) the $100,000 interest reserve for IRT; and (d) the aforesaid distributions of net sale proceeds upon lot sales. See *United Savings Association v. Timbers of Inwood Forest*, 484 U.S. 365, 369-370 (1988).

2. The authorization for the New Loan is upon the terms and conditions set forth in the Debtor's initial motion and supplemental submissions with respect thereto and is expressly conditioned upon the aforesaid advances, interest reserve and sale proceeds distributions as adequate protection for Cestaro and IRT.

A separate order will issue.

Dated: September 26, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc:  John M. McAuliffe, Counsel to Debtor
     Reneau Longoria, Counsel to Merope Deluca, Trustee of Investors Realty Trust
     Christine Devine, Counsel to Deborah F. Cestaro