UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
IN RE:                                                    )
                                                                 )
220 FERRY STREET LLC                       )          Chapter 11
                                                                 )          Case No. 07-14303-RS
        Debtor                                           )
_____)

## MOTION OF DEBTOR FOR AN ORDER FIXING DEADLINE FOR FILING PROOFS OF CLAIM (BAR DATE)

220 FERRY STREET LLC ("Debtor"), hereby moves this Court, pursuant to Bankruptcy Rule 3003(c)(3), for an Order fixing **December 31, 2007** as the date by which proofs of claim must be filed in the Debtor's Chapter 11 case (the "Bar Date").

In support of this motion, the Debtor states the following:

1. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 11, 2007, and is presently continuing the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Debtor is proposing a plan of reorganization within approximately 10 days and it is necessary that Debtor be informed of the nature, amount, and status of all claims to be asserted against its Estate.  Consequently, debtor requests that the Court, pursuant to Bankruptcy Rule 3003(c)(3), establish December 31, 2007 as the Bar Date ("Bar Date") by which all pre-petition creditors, equity interest holders, state court litigants and, executory contracts or unexpired leases prior to the entry of the order establishing the Bar Date, must file proofs of claim.  The Bar Date would apply to each claim asserted whether of a general unsecured, secured, or priority status.

4. Pursuant to Bankruptcy Rule 3003(c)(2), any entity other than a creditor whose claim is not scheduled, is scheduled in an incorrect amount, or is scheduled as disputed, contingent, or unliquidated should be required to file a proof of claim on or before the Bar Date.  Any creditor who fails to do so should forever be barred form asserting any claim against the Debtor and from voting upon, or receiving distributions under any reorganization plan.

5. Establishing December 31, 2007, as the Bar Date in this case will provide creditors with ample time in which to prepare and file their proofs of claim.

WHEREFORE, Debtor respectfully requests the Court to enter an order establishing **December 31, 2007,** as the Bar Date pursuant to Bankruptcy Rule 3003(c)(3) and granting Debtor such other and further relief as the Court deems just and proper.

> Respectfully submitted,
> 220 FERRY STREET LLC
> Debtor-in-Possession
> By its Counsel,
>
> /s/ John M. McAuliffe
> John M. McAuliffe
> McAuliffe & Associates, P.C.
> 430 Lexington Street
> Newton, MA 02466
> (617) 558-6889
> BBO# 555109

Dated:  October 31, 2007