UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 220 FERRY STREET, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 07-14303-HJB |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S CHAPTER 11
CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee moves the Court to convert the chapter 11 case of 220 Ferry Street, LLC ("Debtor") to chapter 7, because:

- it is has failed to pay post-petition United States Trustee quarterly fees ("Fees") for Q4, 2007 and Qs 1 and 2, 2008 totaling $11,037.21;

- it has failed to confirm its January 1, 2008 first amended plan of reorganization ("Plan") (Docket #161); and

- conversion is in the best interests of creditors and the estate.

In support, the United States Trustee states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. 1408 and 1409. The statutory predicates for relief are 28 U.S.C. 586(a)(3) and 1930(a)(6), 11 U.S.C. 109(h), 307, 521 and 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

2. The Debtor filed its voluntary chapter 11 petition on July 11, 2007 ("Petition Date").

3. On August 25, 2008, the Court entered an order continuing generally the confirmation hearing on the Debtor's Plan. Docket #218.

4. Per a synopsis of the Debtor's monthly operating reports ("MORs"), which is attached hereto for all purposes as Exhibit 1, the Debtor has disbursed $2,056,547 since the Petition Date in order to develop its primary asset, 28 acres of raw land located in Marshfield, Massachusetts, into residential lots. The Debtor has realized net cash flow ("NCF")[1] of ($141) or a monthly average of ($12) since the Petition Date.

5. Based upon information and belief (a review of the MORs) and subject to further discovery, the Debtor has sold none of the lots within the development.

6. Per the account reconciliation attached hereto for all purposes as Exhibit 2, the Debtor owes past-due Fees for Q4, 2007 and Qs 1 and 2, 2008 totaling $11,037.21.

**ARGUMENT**

7. The Debtor's failure to pay the Fees constitutes "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(K).

8. The Debtor's failure to confirm its Plan within 13 months constitutes unreasonable delay and, therefore, "cause" to convert its chapter 11 case to chapter 7 under 11 U.S.C. 1112(b).

9. The interests of creditors and the estate would best be served by the immediate

---

[1] NCF is defined as receipts less expenses on a cash basis.

conversion of the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(1).

> Section 1112 clearly provides the bankruptcy court with the requisite authority to terminate a Chapter 11 case based on a showing of unreasonable delay, or continuing losses coupled with the absence of a reasonable likelihood of rehabilitation, or inability to effectuate a plan of reorganization. The inquiry under §1112 is case specific, focusing on the circumstances of each debtor. In the case of most Chapter 11 debtors, however, a plan of reorganization can be effectuated, if at all, within a matter of months, not years . . . The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .

United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 808 F.2d 363, 371 (5th Cir. 1987) (en banc), aff'd 484 U.S. at 365.

**PRAYER**

WHEREFORE, the United States Trustee prays that the Court enter orders converting the Debtor's chapter 11 case to chapter 7 and granting her all such other and further legal and equitable relief to which she may be entitled.

                Respectfully submitted,

                PHOEBE MORSE

                United States Trustee

By:   */s/ Eric K. Bradford*
      Eric K. Bradford BBO#560231
      United States Department of Justice
      Thomas P. O'Neill Jr. Federal Bldg.
      10 Causeway Street, Room 1184
      Boston, MA 02222
      PHONE:    (617) 788-0415
      FACSIMILE:  (617) 565-6368
      Eric.K.Bradford@USDOJ.gov

Dated: September 3, 2008.

## CERTIFICATE OF SERVICE

     I certify that on September 3, 2008, true and correct copies of the foregoing motion and the attached Exhibits 1 and 2 were served by CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel identified below.

                            PHOEBE MORSE

                            United States Trustee

By:    */s/ Eric K. Bradford*
           Eric K. Bradford BBO#560231
           United States Department of Justice
           Thomas P. O'Neill Jr. Federal Bldg.
           10 Causeway Street, Room 1184
           Boston, MA 02222
           PHONE:    (617) 788-0415
           FACSIMILE: (617) 565-6368
           Eric.K.Bradford@USDOJ.gov

Dated: September 3, 2008.

John M. McAuliffe, Esq.
McAuliffe & Associates, P.C.
430 Lexington Street
Newton, MA 02466
(Debtor's Counsel)

Michael J. Fencer, Esq.
Jager Smith, PC
One Financial Center
Boston, MA 02111
(Counsel to Investment Realty Funding, Inc.)